# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
### Civil Action No. 3:23-cv-84

| | |
|---|---|
| JERRY SWIFT, | ) |
|     Plaintiff, | ) |
| v. | )    COMPLAINT |
| LONG CREEK VOLUNTEER FIRE DEPARTMENT, INC., | ) |
|     Defendant. | ) |

Plaintiff, Jerry Swift ("Swift" or "Plaintiff"), by and through counsel, brings this action for violations of the overtime requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, against Long Creek Volunteer Fire Department, Inc. ("Defendant").

## NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiff brings an FLSA claim pursuant to 29 U.S.C. § 216(b) and seeks to recover unpaid overtime compensation and statutory penalties.

2. Plaintiff's FLSA claim results from Defendant's policy and practice of failing to pay Plaintiff an overtime premium rate of pay for all hours worked over forty in a workweek.

## THE PARTIES

3. Plaintiff is an adult individual who is a resident of Lincolnton, North Carolina.

4. Defendant is a domestic non-profit corporation registered and in good standing in the state of North Carolina.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for claims brought under the FLSA, 29 U.S.C. § 201 *et seq.*

6. This Court has personal jurisdiction because Defendant's primary place of business is located in Mecklenburg County, which is within this judicial district.

7. Venue is proper in this judicial district because Defendant's primary place of business is in this district and because the unlawful acts or omissions alleged occurred in Mecklenburg County, North Carolina.

## COVERAGE ALLEGATIONS

8. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

10. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

11. At all times hereinafter mentioned, Plaintiff was an employee within the meaning of the FLSA, 29 U.S.C. § 203(e).

12. At times hereinafter mention, Plaintiff was an employee engaged in interstate commerce within the meaning of 29 U.S.C. § 207(a). During his employment with Defendant, Plaintiff operated equipment produced and transported in interstate commerce, traveled on interstate highways, and responded to emergencies on waterways.

## PLAINTIFF'S FACTUAL ALLEGATIONS

13. Defendant is a volunteer fire department that provides firefighting services to parts of Mecklenburg County, North Carolina. Defendant's Board of Directors and Officers are selected independently of government decision-makers. Defendant hires employees directly and at its own discretion.

14. Swift began his employment with Defendant as a part-time Firefighter Engineer on or about March 1, 2019. Swift began working for Defendant as a full-time Firefighter Engineer on or about April 2, 2020. Swift voluntarily severed his employment with Defendant on or about November 30, 2022. At the time, Swift's title was Fire Captain.

15. At all relevant times, Swift was a nonexempt employee within the meaning of the FLSA and eligible for overtime compensation for all work performed over 40 hours in a workweek.

16. Defendant employed Swift during the FLSA's statutory period preceding the filing of this Complaint.

17. At all relevant times, Defendant paid Swift an hourly rate.

18. Defendant paid Swift on a monthly basis until July 2022, when Defendant began paying Plaintiff on a semi-monthly basis.

19. Defendant failed to pay Swift an overtime premium for all hours worked over 40 in a workweek.

20. By way of example, Swift worked the following number of hours during each week of the month of February 2022:

    a) 1-31/–2/6: 48 hours (8 hours of overtime)[1]

---

[1] Plaintiff notes that he worked 12 hours on January 31, 2022. However, his paystubs for 2022 reflect pay periods of 1/1–1/30 and 2/1–2/28. At this point it is unclear whether Plaintiff was paid anything at all for his time worked on January 31, 2022. In fact, many of Plaintiff's paystubs truncate the last day of the month. Plaintiff reserves the right to add claims for violations of the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25 *et seq.* if facts arise demonstrating that Defendant did not pay Swift at all for certain days that he worked.

      b) 2/7–2/13: 50 hours (10 hours of overtime)

      c) 2/14–2/20: 82 hours (42 hours of overtime)

      d) 2/21–2/27: 58 hours (18 hours of overtime)

Over these four weeks, Swift worked a total of 238 hours, 78 of which were overtime hours. However, Defendant did not pay Swift his overtime premium for any hours worked in excess of 40 in a workweek. Therefore, under his then-regular rate of $16 per hour, Defendant failed to pay Swift approximately $624 ($8 * 78) in overtime premiums for the four weeks listed above.

    21.    As another example, Swift worked approximately the following number of hours during the month of October 2022:

      a) 10/3–10/9: 72 hours (32 hours of overtime)

      b) 10/10–10/16: 48 hours (8 hours of overtime)

      c) 10/17–10/23: 48 hours (8 hours of overtime)

      d) 10/24–10/30: 72 hours (32 hours of overtime)

Over these four weeks, Swift worked a total of 240 hours, 80 of which were overtime hours. However, Defendant did not pay Swift his overtime premium for any hours worked in excess of 40 in a workweek. Therefore, under his then-regular rate of $19.50 per hour, Defendant failed to pay Swift approximately $780 ($9.75 * 80) in overtime premiums for the four weeks listed above.

    22.    The examples listed above are representative of the fact that Defendant failed to pay overtime premiums to Swift for every, or nearly every, workweek of his employment in which he worked more than 40 hours.

    23.    Defendant willfully failed to pay Swift the overtime premium required by the FLSA.

### Plaintiff's First Cause of Action
### (Violation of FLSA – Overtime)

24. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

25. Defendant's violation of the FLSA arises from its failure to pay all overtime wages earned by Plaintiff.

26. Defendant violated the FLSA by failing to pay Plaintiff an overtime premium rate of pay for all hours worked over 40 in a workweek.

27. Defendant's violation of the FLSA was willful.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

a) An Order pursuant to Section 216(b) of the FLSA finding Defendant liable for unpaid overtime wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

b) An Order awarding the costs of this action;

c) An Order awarding reasonable attorneys' fees;

d) A Declaration and finding by the Court that Defendant willfully violated provisions of the FLSA by failing to comply with the overtime requirements of the FLSA;

e) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

f) An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted Tuesday, February 14, 2023.

s/ Ethan L. Slabosky
Philip J. Gibbons, Jr., NCSB #50276
Corey M. Stanton, NCSB #56255
Ethan L. Slabosky, NCSB #59555
**GIBBONS LAW GROUP, PLLC**
14045 Ballantyne Corporate Place, Suite 325
Charlotte, North Carolina 28277
Telephone: (704) 612-0038
Email: phil@gibbonslg.com
corey@gibbonslg.com
ethan@gibbonslg.com

*Attorneys for Plaintiff*
